Apparently, the sole issue upon which there is any disagreement here revolves around the inclusion of certain funds, "earmarked" for the court ordered discharge of certain bankruptcy debts, to ascertain Mr. Purvis' gross income for the purpose of calculating the amount of his child support obligation in this case.
The pragmatic, well-reasoned approach utilized by my dissenting colleague is most assuredly one with which I sincerely wish I could concur. However, since any eventual benefit from these court ordered payments to creditors, as part of this corporate reorganization, will be to Mr. Purvis, not his ex-wife, I must respectfully disagree with that analysis.
Any difficulty I may encounter with the resolution of this issue is reduced to the point of nonexistence by the position contained in the majority opinion. This technical analysis of R.C. 3113.215(A)(1), (2) and (3), as to what is to be included in "gross income," and what may be excluded therefrom for purposes of child support calculation, leave me with no alternative in the case sub judice.
No exception exists under R.C. 3113.215(A)(2) for the disputed income amounts of Mr. Purvis. This being the case, I must concur with the majority on this issue and affirm the trial court action.